UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLEN DELOACH

        Plaintiff,

vs.

Case No. 09-14087
HON. GEORGE CARAM STEEH

THE GREAT ATLANTIC & PACIFIC TEA
COMPANY LTD PLAN ("BENEFLEX")
and CONNECTICUT GENERAL LIFE INSURANCE
COMPANY,

        Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES

**I.    INTRODUCTION**

Plaintiff brought this denial of benefits action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* On March 26, 2010, plaintiff filed a motion to reverse defendants' decision to terminate his long-term disability (LTD) benefits. At the June 29, 2010 hearing on plaintiff's motion, defendant indicated that it would reinstate plaintiff's claim for LTD benefits for the balance of the two year ("own occupation") period and would agree to a remand of the action for a LTD benefits determination under the "any occupation" disability standard set forth in the applicable plan.[1] Based on defendants'

---

[1] The relevant language of the plan stated:

For the first two years that LTD benefits are payable, you must be unable

-1-

representation at oral argument, the court entered an order granting plaintiff's motion for summary judgment in part, and remanding the case to supplement the administrative record. *See* Dkt. No. 27. The court's order also stated that "[p]laintiff is entitled to reasonable attorney fees as a prevailing party under 29 U.S.C. § 1132(g)(1)." *Id.* The court's order directed plaintiff's counsel to submit a statement of attorney fees and costs to the defendant. However, defendant objects to plaintiff's request for attorney fees, contending that the amount requested is unreasonable. Presently before the court is plaintiff's motion for attorney fees and costs. Specifically, plaintiff moves for an award of attorney fees in the amount of $41,040.00 and costs in the amount of $205.92. Pursuant to E.D. Mich. Local R. 7.1(f)(2), it is ORDERED that the motions be resolved without oral argument.

## II. LAW & ANALYSIS

Plaintiff's counsel requests attorney fees in the amount of $41,040.00, which

---

to perform any and all duties of your job. During this two-year period, you must not be engaged in any other job where you are paid or where you make a profit except rehabilitative employment.

After the first two years of benefit payment, you must be unable to perform any job for which you are qualified or for which you become qualified.

In either case, your disability must be certified by a physician who is approved by the Claims Administrator before LTD benefits are paid

represents 102.6 hours of his billable time assessed at $400.00 per hour.  This court must use the "lodestar" method to determine the appropriate amount of attorney fees.  *See Barnes v. City of Cincinnati*, 401 F. 3d 729, 745 (6th Cir. 2005).  This method requires a finding of "the proven number of hours reasonably expended on the case by an attorney, multiplied by his [] court-ascertained reasonable hourly rate."  *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 937 (E.D. Mich. 2005).  "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers."  *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349(6th Cir. 2000).

"The party seeking an award of attorney fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Fees that are not reasonably expended, such as fees incurred as a result of duplication of efforts are to be excluded.  *Id.*

In assessing the "reasonable hourly rate" component of the lodestar method the district court should assess the "prevailing market rate in the relevant community*." Blum v. Stenson*, 465 U.S. 886, 895 (1984).  The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record . . . ."  *Addock-Ladd*, 227 F. 3d at 350.

Plaintiff's counsel maintains that $400.00 per hour is the prevailing market rate in the relevant community.  Counsel indicates that during the last five years, his litigation practice has focused on ERISA matters resulting in his substantial expertise in this area of the law.  He has handled ERISA cases in various jurisdictions throughout the country,

attends seminars to keep abreast of the developing legal issues in this area and maintains a blog, www.michiganlongtermdisabiliyinsurancelawyer.com, discussing ERISA issues of local and national importance. Defendants counter that counsel's requested hourly rate is excessive considering his years of practice and ERISA experience and fees paid in comparable cases in both the Eastern and Wester Districts of Michigan.

Plaintiff relies on *Crider v. Highmark Life Insurance Co.*, No. 05-cv-660, 2006 WL 6157958 (W.D. Mich. Nov. 21, 2006) in support of his argument that $400.00 is the prevailing market rate in the relevant community. In *Crider*, Troy Haney, counsel for the plaintiff, was awarded $350.00. *Crider*, 2006 WL 6157958, at * 5. Mr. Haney was also awarded attorney fees at an hourly rate of $400.00 in another case cited by plaintiff, *Worthing v. Reliance Standard Life Ins. Co.*, no. 08-cv-11895, 2009 WL 1798387, at *2 (E.D. Mich. June 22, 2009).

However, Mr. Haney has more expertise in the area of ERISA litigation compared with plaintiff's counsel. As one court noted, "[b]ased on his resume, Attorney Haney appears to have a practice specializing to a large extent in ERSIA. He has lectured extensively on ERISA matters, litigated numerous ERISA cases in this district, and published articles on various aspects of ERISA." *Kufner v. Jefferson Pilot Financial Ins. Co.*, No. 06-cv-910, 2003 U.S. Dist. LEXIS 40344, at * 12-13 (W.D. Mich. May 12, 2009). Here, counsel indicates that it is only in the recent past that he has began to focus his practice on ERISA litigation, and he does not lecture nor has he published any articles on any issues related to ERISA litigation.

Further, just over a year ago, a district judge in the Eastern District concluded that the prevailing market rate for ERISA litigation is $275.00. *See Kramer v. Paul Revere Life*

*Ins. Co.*, no. 04-cv-74362, 2009 U.S. Dist. LEXIS 78290, *21-22 (E.D. Mich. Sept. 1, 2009) (collecting cases); *But see, RDI of Mich., LLC v. Mich. Coin-Op Vending, Inc.*, No. 08-1177, 2010 U.S. Dist. LEXIS 10921, at *7-8 (E.D. Mich. Feb. 9, 2010) (awarding attorney fees at an hourly rate of $400.00 per hour to "experienced trial lawyer with over 30 years of experience.") Based on the above, the court concludes that a $400.00 hourly rate is excessive and that $325.00 per hour is a rate "which lawyers of comparable skill and experience" can "reasonably expect to command within" the relevant market. *Addock-Ladd*, 227 F. 3d at 350.

Defendants also argue that plaintiff's counsel spent an excessive amount of time working on this case. Specifically, defendants argue that plaintiff spent a total of 48.9 hours, nearly half of the total amount of time spent on the case, reviewing the administrative record. Defendants also ask that counsel's hours be reduced for excessive time spent in preparing for the hearing on plaintiff's motion to reverse the administrator's decision, and for work performed related to counsel's discovery requests. The court finds that a small portion of the time spent on the case appears excessive or redundant and will reduce the total hours by 10, specifically from 102.6 to 92.6. Therefore, plaintiff's counsel is entitled to an attorney fee award of $30,095.00, plus costs of $205.92.

### III. CONCLUSION

Accordingly,

Plaintiff's motion for attorney fees [#28] is GRANTED.

Plaintiff is entitled to, and defendants shall pay, attorney fees in the amount of

$30,095.00 and costs in the amount of $205.92.

SO ORDERED.

Dated: November 10, 2010

          S/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 10, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---